**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1576, AFL–CIO, Respondent.**

No. 26131.

United States Court of Appeals Fifth Circuit.

April 29, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Clifford Potter, Director, Houston, Tex., Lawrence J. Sherman, Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Solomon I. Hirsh, Atty., N.L.R.B., for appellant.

Arthur J. Mandell, Mandell & Wright, Houston, Tex., for appellee.

Before BELL and THORNBERRY, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

This is a petition to enforce an order of the Board against Respondent with respect to the assignment of work as between Respondent Local 1576 and International Longshoremen's Association, Local 329, AFL-CIO. The work in question had to do with discharging crated green fruit when part of a mixed cargo from vessels stevedored by Texas Contracting Company. After a Section 10(k) hearing, 29 U.S.C.A. Section 160(k), the Board awarded the work to Local 329. 162 NLRB No. 80.

Thereafter, Local 1576 having failed to comply with the Board's order within ten days, the matter proceeded as an unfair labor practice under Section 8 (b) (4) (i) and (ii) (D) of the Act. 29 U.S.C.A. § 158(b) (4) (i) and (ii) (D). The order of the Board in sustaining the unfair practice charge is supported by substantial evidence on the record as a whole. This follows from our conclusion that there is substantial evidence which supports the award of the work to Local 329. New Orleans Typographical Union No. 17 v. NLRB, 5 Cir., 1966, 368 F.2d 755. It is undisputed that Respondent engaged in picketing in an effort to obtain the work in question and that members of Local 329 refused to cross the picket line.

Under the procedure followed in 10(k) proceedings, where Respondent refuses to abide the order of the Board, the remedy of the Board is to institute an unfair practice proceeding against the Respondent. This two-stage course was followed here. The Section 10(k) record was already made and had been the basis of the Board's action in that proceeding. That record was introduced in the unfair practice proceeding before the Trial Examiner. The Trial Examiner then afforded Respondent the opportunity to introduce new or previously undiscovered evidence to rebut the Board's determination in awarding the work in question. The examiner announced that absent such additional evidence, he would be bound to follow the Board's 10(k) decision as a controlling precedent. Respondent offered no new or additional evidence. The examiner found the unfair practice which is the subject matter of this petition to enforce, and the Board adopted the examiner's findings, conclusions, and recommendations.

Respondent now contends that it was denied due process of law because the Trial Examiner felt bound by the Board's previous order in the 10(k) proceeding. It is also contended that the Administrative Procedure Act was violated in that he did not have a hearing before a Trial Examiner free of the restraint of the Board's prior order. These contentions are without merit. The issue was identical in each proceeding. The evidence was identical. There was no change in the appertaining law. The unfair practice proceeding was a further or subsequent stage of the same controversy made necessary because Respondent failed to comply with the 10(k) order. We agree that the examiner was bound to follow the Board's prior determination under these circumstances. While we have found no case directly in point, it does appear that the cases involving the representation procedures under the Act are analogous. See 29 U.S.C.A. Section 158(a) (5) and 159(c) and (d) of the Act. The authorities are to the effect that the Board is not required to relitigate a representation issue in an unfair practice proceeding absent additional evidence which is not merely cumulative. Pittsburgh Plate Glass Co. v. NLRB, 1941, 313 U.S. 146, 158, 161–162, 61 S.Ct. 908, 85 L.Ed. 1251; NLRB v. Air Control Products, 5 Cir., 1964, 335 F.2d 245, 251.

The order will be enforced.